## Case No. 3,994.

### DONOVAN v. UNITED STATES.

[3 Dill. 53.] [1]

Circuit Court, E. D. Missouri. 1874. [2]

COMPENSATION OF COLLECTORS AND SURVEYORS OF CUSTOMS.

1. As respects the compensation of collectors of customs, the legislation of congress divides these officers into two classes: 1st, collectors of the seven enumerated ports; 2d, all other col-lectors, i. e. collectors of non-enumerated ports. [U. S. v. Walker] 22 How. [63 U. S.] 299.

2. The acts of 1822, 1831, 1841, 1857, and of 1872, as to the compensation of collectors and surveyors of ports, construed, and it was held that the aggregate compensation of the survey-or of the port of St. Louis charged with the duties of the collector of customs, could not exceed the sum of $5,000 in any one year.

Writ of error to the district court [of the United States] for the eastern district of Mis-souri.

The error complained of is that the district court should have allowed compensation to the administrator's intestate (who was sur-veyor of the port of St. Louis under the act of congress of March 2, 1831, on whom was devolved the duties of collector) of $6,000 per year instead of $5,000.

Sharp & Broadhead, Mr. Noyes, and Mr. Wright, for plaintiff in error.

Wm. Patrick, Dist. Atty., for the United States.

DILLON, Circuit Judge. Daniel H. Dono-van was surveyor of the port of St. Louis charged with the duties of collector of cus-toms, and the administrator of his estate con-tends that in the accounting with the United States he should be allowed under the act of June 8th, 1872 [17 Stat. 336], compensation upon the basis of $6,000 per year, instead of $5,000 as determined by the district court. The provision of this act is that the compen-sation of such an officer shall be the same as

that given to collectors by the fifth section of the act of March 3, 1841, not to exceed, how-ever, the maximum amount therein allowed. In 1859 the supreme court of the United States construed the above mentioned act of 1841 [5 Stat. 431] in connection with the pre-vious acts in pari materia, and decided that as respects compensation there were two classes of collectors: 1st, collectors of the seven ports enumerated in the 9th section of the act of May 7, 1822, whose total compen-sation from all sources might equal, but could not exceed, $6,000 in a year; and, 2d, all other collectors, i. e. collectors of the non-enumerated ports, whose aggregate compen-sation could not exceed the sum of $5,000 in any one year. U. S. v. Walker (1859) 22 How. [63 U. S.] 299.

I am unable to discover in the act of 1872 satisfactory evidence that it was thereby in-tended to abrogate in favor of surveyors dis-charging the duties of collectors this estab-lished distinction in respect to compensation between what is termed the enumerated and the unenumerated ports. The act of 1841, as authoritatively construed, limited the aggre-gate compensation of a collector of one of the enumerated ports to $6,000, and of a collector of any other port to $5,000; but while it did provide for the compensation of surveyors it did not provide a specific compensation for a surveyor who under the act of 1831 [4 Stat. 480] performed the duties of a collector of customs.

This was sought to be remedied by the act of March 3, 1857 [11 Stat. 229, § 8], but as its phraseology was not clear, and as complaints were made that it was illiberally restricted by the accounting officers at the treasury de-partment to the surveyors of the principal ports under the 9th section of the act of 1822,—[3 Stat. 693;] Cong. Globe, 2d Sess. 43d Cong. pt. 4, p. 3409,—the act of 1872, upon which the plaintiffs in error rely, was passed. This last named act places "all sur-veyors of customs ports performing the duties of collectors" upon the footing, as respects compensation of collectors, under the act of March 3, 1841, for like services. St. Louis being a non-enumerated port, the maximum allowance to a collector can in no event ex-ceed $5,000,—and this sum is in my judgment the limit of compensation to which the sur-veyor of the port of St. Louis is entitled. I concur in the opinion of the district judge, and the judgment below is accordingly af-firmed. Affirmed.

NOTE. The judgment was affirmed by the supreme court, February, 1874 [Donovan v. U. S., 23 Wall. (90 U. S.) 383].

---

DOOD (GIDDINGS v.). See Case No. 5,405.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[2] [Affirmed in 23 Wall. (90 U. S.) 383.]